THE THIRD NATIONAL BANK OF THE CITY OF NEW YORK

v.

SPENCER C. CARY et al.

The circumstances in this case prove a resulting trust in the defendants' deceased brother, whose heirs-at-law the defendants are. As there is no evidence that the answering defendant knew of the existence of the trust, he is entitled to his costs.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. James Flemming*, for complainant.

*Mr. E. D. Deacon*, for answering defendant.

THE CHANCELLOR.

The bill is filed to establish a resulting trust in favor of the complainant, as to certain land in Jersey City, of which William H. Cary died seized. He died June 5th, 1881. The property was conveyed to him in July, 1879, by sheriff's deed dated November 21st, 1878. When the property was conveyed to him he was in the employ of the complainant as coupon clerk (a responsible position indicating great confidence on the part of the complainant in his integrity), and he continued to be so up to the time of his death. The property was bought in for the complainant by its solicitor at the sheriff's sale, which was under execution on a decree in a foreclosure suit in this court. The price was the amount due, $3,686.74, on the first mortgage on the

property, held by Mrs. Mary E. Toffey.   The complainant held the second mortgage, on which there was due, at the date of the decree, the sum of $24,660.76, and the decree was for the sale of the mortgaged premises to pay both mortgages.   The sale took place on the 21st of November, 1878.   The purchase-money was paid by the complainant, and it paid for recording the deed to Cary, which was given to him by the sheriff at the direction of the complainant's solicitor.   The complainant paid all the arrears of taxes on the property.   It has had possession of it and has taken the rents ever since the sale.   Cary died intestate.   He was never married.   The defendants are his brothers and sisters, the wives of those of the former who are married, and the husbands of the latter, Samuel Cary, senior, Cary's administrator, and Benjamin S. Clarke, who claims to be a creditor of Cary's estate.   Spencer C. Cary, one of the brothers, is the only defendant who has answered and litigated the matter.   His answer denies the trust, and that the property was paid for by the complainant, but alleges that though the complainant may have actually paid the purchase-money, Cary was permitted to buy the property in order thus to pay or secure to him money which he was then entitled to receive from or through the complainant for compensation for services rendered by him to it or other persons.

The proof is clear that the property was bought in for the complainant by its solicitor, that the purchase-money was all paid by the complainant on its own account, that the property was conveyed to Cary for the benefit, and only for the benefit of the complainant, and that he never had possession, but the complainant always had it, and took the rents from the time of the sheriff's sale.   On paying the purchase-money the complainant's solicitor took for its security an assignment of the first mortgage and the decree for the payment thereof.   There is no room to doubt that Cary held the property under a resulting trust in favor of the complainant, and there are no circumstances in the case to hinder this court from declaring the trust as against the defendants.   There will be a decree accordingly.

There is no reason to conclude that Spencer C. Cary had such

evidence of the facts as not to warrant him in putting the complainant to proof of its equitable claim to the property. He has offered no evidence in the case, but has submitted the matter to the decree of the court on the proofs presented by the complainant. It appears by the evidence that the complainant intended to take a declaration of trust from William H. Cary, and that the latter went (in 1879) to the office of its solicitor to execute the paper, but it would seem that it was not executed merely because it had not been drawn, and the matter through inadvertence was not attended to afterwards, although Cary did not die until June, 1881, and was in the employ of the complainant up to that time. Under the circumstances it is proper that Spencer C. Cary should have his taxable costs of this suit.